CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102-3495
 Telephone: (415) 436-7478
 FAX: (415) 436-7234
 Jeremy.Chu@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID K. HAUSMAN, | CASE NO. 4:26-cv-03730-AMO |
|   Plaintiff, | **ANSWER TO COMPLAINT** |
|  v. | Honorable Judge Araceli Martínez-Olguín |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
|   Defendant. | |

Defendant U.S. Immigration and Customs Enforcement ("ICE" and "Defendant"), by and through undersigned counsel, hereby answers the Complaint filed on April 29, 2026 (ECF No. 1) by Plaintiff David K. Hausman ("Plaintiff") arising out of the Freedom of Information Act (the "FOIA"). Defendant expressly denies any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (1) are correctly cited or quoted by Plaintiff; (2) are relevant to this, or any other, action; or (3) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 consist of Plaintiff's characterization of the action to which no response is required. To the extent a response is required, Defendant denies.

2. The allegations in Paragraph 2 consist of Plaintiff's characterization of the "Spreadsheets" to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited source for a complete and accurate description of its contents and denies all allegations inconsistent therewith.

3. The allegations in Paragraph 3 consist of Plaintiff's characterization of the "Spreadsheets" to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited source for a complete and accurate description of its contents and denies all allegations inconsistent therewith.

4. Paragraph 4 contains Plaintiff's characterization of ICE's processing of his FOIA requests, to which no response is required. To the extent a response is required, Defendant admits only that it does not produce the records at issue proactively. Defendant denies all other allegations in this paragraph.

5. The allegations in Paragraph 5 consist of Plaintiff's characterization of the action to which no response is required. To the extent a response is required, Defendant denies.

6. Defendant admits that Plaintiff filed seven FOIA requests for the records in question since September 2025 and that no records were provided as of the date of the filing of the lawsuit. Defendant

lacks knowledge or information sufficient to form a belief about the truth or falsity of the remainder of the allegations in this paragraph and therefore denies the allegations.

7.  Defendant admits only that, as of the filing of the Complaint, ICE did not provide any records in response to the seven FOIA requests. Defendant denies all other allegations in this paragraph.

8.  Paragraph 8 contains Plaintiff's characterizations of ICE's actions in response to FOIA requests not subject to this lawsuit, to which no response is required. To the extent response is required, Defendant admits it has not provided any records in response to the seven FOIA requests at issue and respectfully refers the Court to the other litigations referred to in this paragraph and in the Complaint for a complete and accurate description and denies all allegations inconsistent therewith.

9.  Paragraph 9 contains Plaintiff's characterization of the Deportation Data Project, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the allegations.

10. Defendant admits that ICE did not release any records in response to the seven FOIA requests as of the date of the filing of the Complaint. Defendant admits that ICE denied expedited processing of the requests. The rest of the allegations consist of Plaintiff's characterizations and legal conclusions to which no response is required. To the extent response is required, Defendant denies.

11. The allegations in Paragraph 11 consist of Plaintiff's characterization of the action to which no response is required. To the extent a response is required, Defendant denies.

## **JURISDICTION AND VENUE**

12. The allegations contained in Paragraph 12 consist of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits only that this Court has jurisdiction over claims involving FOIA requests, subject to the terms and limitations of the FOIA.

13. The allegations contained in Paragraph 13 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits only that venue is proper in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) for a properly stated FOIA claim.

14.	The allegations contained in Paragraph 14 consist of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## DIVISIONAL ASSIGNMENT

15.	The allegations contained in Paragraph 15 consist of Plaintiff's conclusions of law regarding divisional assignment, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the allegations.

## PARTIES

16.	Defendant admits that Plaintiff filed seven FOIA requests each month from September 2025 through March 2026 which are the subject of this lawsuit, each of which has been pending for over 20 working days.  Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remainder of the allegations in this paragraph and therefore denies the allegations.

17.	Defendant admits that it is a component agency of the Department of Homeland Security and the United States government.  The remaining portion of this paragraph consists of legal conclusions and characterization of the records Plaintiff believes are within ICE's possession, to which no response is required. To the extent any response is required, Defendant lacks sufficient information to either admit or denies the remaining allegations in Paragraph 17, and on that basis denies them.

## BACKGROUND

**A.  There is Substantial Public Interest in the Spreadsheets.**

18.	The allegations in Paragraph 18 consist of Plaintiff's characterization of the "Spreadsheets" to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited source for a complete and accurate description of its contents and denies all allegations inconsistent therewith.

19.	Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the allegations.

20.	Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the allegations.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies. Defendant also respectfully refers the Court to the cited sources for a complete and accurate description of their contents and denies all allegations inconsistent therewith.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies. Defendant also respectfully refers the Court to the cited sources for a complete and accurate description of their contents and denies all allegations inconsistent therewith.

23. Paragraph 23 contains Plaintiff's characterizations of the sources cited in this paragraph, to which no response is required. To the extent response is required, Defendant respectfully refers the Court to the cited sources for a complete and accurate description of their contents and denies all allegations inconsistent therewith.

24. Paragraph 24 contains Plaintiff's characterizations of the sources cited in this paragraph. To the extent response is required, Defendant respectfully refers the Court to the cited sources for a complete and accurate description of their contents and denies all allegations inconsistent therewith.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies. Defendant also respectfully refers the Court to the cited sources for a complete and accurate description of their contents and denies all allegations inconsistent therewith.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies.

29. Defendant admits only that Plaintiff submitted monthly FOIA requests to ICE from September 2025 through March 2026. The remaining allegations consist of Plaintiff's characterizations of his FOIA requests, to which no response required. To the extent response is required, Defendant denies.

## B. The Spreadsheets Are Easily Producible and Frequently Requested.

30. Paragraph 30 contains Plaintiff's characterization of the "Spreadsheets", to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of that allegation, and on that basis denies.

31. Paragraph 31 contains Plaintiff's characterization of his FOIA requests, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterizations and his allegation that responding to Plaintiff's FOIA requests does not consume significant resources.

32. Paragraph 32 contains Plaintiff's characterization of the "Spreadsheets", to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of that allegation, and on that basis denies.

33. Defendant admits only that ICE produced responsive records in response to the litigations cited in Paragraph 33. The remaining allegations consist of Plaintiff's characterizations of those lawsuits, to which no response is required. To the extent a response is required, Defendant denies.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the allegations.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph regarding the number of times that the Deportation Data Project had posted its "Spreadsheets" and therefore denies the allegations. Defendant further lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations pertaining to the circumstances under which data was released to requestors other than Plaintiff and therefore denies those allegations.

36. Paragraph 36 consists of Plaintiff's characterization of a litigation not at issue before the Court, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the case cited in this paragraph for a complete and accurate description of the litigation and denies all allegations inconsistent therewith.

37. Defendant denies that the litigation cited in this paragraph involved identical records to the FOIA requests at issue in the case before this Court and denies that Defendant would be able to produce the records requested in this case in "short order." The remaining allegations consist of Plaintiff's

characterizations of the litigation that is not before this Court, to which no response required. To the extent a response is required, Defendant denies.

38. Paragraph 38 consists of Plaintiff's characterization of a litigation not at issue before the Court, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the case cited in this paragraph for a complete and accurate description of the litigation and denies all allegations inconsistent therewith.

**C. Hausman Has Submitted Monthly Requests for The Spreadsheets and Intends to Continue Doing So in the Future.**

39. Defendant admits.

40. Defendant admits.

41. Defendant admits.

42. Defendant admits.

43. Defendant admits.

44. Defendant admits.

45. Defendant admits.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies.

47. This paragraph consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

48. This paragraph consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

49. This paragraph consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to

ANSWER TO COMPLAINT
4:26-CV-03730-AMO                    7

the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

50. Defendant admits only that Plaintiff sought expediting processing of his FOIA requests to ICE under the purported reasons. Defendant further respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

51. This paragraph consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

52. This paragraph consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

53. This paragraph contains Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests. The paragraph also contains Plaintiff's characterization of the Deportation Data Project and Plaintiff's position at the organization. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of those allegations, and on that basis denies.

54. Paragraph 54 also contains Plaintiff's characterization of the Deportation Data Project. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of those allegations, and on that basis denies.

55. This paragraph contains Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

56. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

57. This paragraph contains Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

58. This paragraph contains Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

59. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

60. This paragraph contains Plaintiff's characterization of his own FOIA requests, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the requests themselves for a complete and accurate statement of their contents and denies any allegations inconsistent with the text of the requests.

61. Defendant admits that Plaintiff submitted a renewed request for expedited processing of his FOIA requests on March 19, 2026. To the extent the allegations contain Plaintiff's characterization of his renewed request, Defendant respectfully refers the Court to the renewed request itself for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

62. Defendant respectfully refers the Court to the renewed request itself for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent Paragraph 62 contains Plaintiff's characterization of the renewed request and its attachments, Defendant denies.

63. Defendant respectfully refers the Court to the renewed request itself for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies.

**D. ICE Has Failed to Issue Timely Determinations on Hausman's Requests.**

65. Defendant admits.

66. Defendant admits.

67. Defendant admits.

68. Defendant admits.

69. Defendant admits.

70. Defendant admits.

71. Defendant admits.

72. Defendant admits.

73. Defendant admits all allegations in this paragraph except Plaintiff's allegation that ICE's clarification request "seemed to ignore" Plaintiff's September 19, 2025 email to ICE, which is Plaintiff's characterization of ICE's clarification request, to which no response is required. To the extent a response is required, Defendant denies.

74. Defendant admits.

75. Defendant admits.

76. Defendant admits.

77. Defendant admits.

78. Defendant admits.

79. Defendant admits only that, on April 24, 2026, ICE responded by email to Plaintiff's March 19, 2026 communication regarding the status of Plaintiff's FOIA requests. Defendant denies Plaintiff's characterization of ICE's April 24, 2026 response.

80. Defendant admits.

81. Paragraph 82 includes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies. Defendant admits that it has not made determinations of, released records in response to, or explained its basis for withholding records in response to Plaintiff's FOIA requests.

82. Paragraph 82 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

83. Defendant denies all allegations in this paragraph.

84. Paragraph 84 consists of Plaintiff's characterization of his FOIA requests and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

85. Paragraph 85 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

86. Paragraph 86 consists of Plaintiff's characterization of his work and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

## FIRST CLAIM FOR RELIEF

87. Paragraph 87 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

88. Paragraph 88 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

89. Paragraph 89 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

90. Paragraph 90 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## SECOND CLAIM FOR RELIEF

91. Paragraph 91 consists of legal conclusions and statements of the law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statute and regulation cited as best evidence of its contents and denies all allegations inconsistent therewith.

92. The allegations contained in Paragraph 92 constitute legal conclusions and Plaintiff's characterizations of the law to which no response is required. To the extent a response is required, Defendant denies.

93. Defendant admits that it denied Plaintiff's request for expedited processing of his September FOIA request, October FOIA request, and November FOIA request. Defendant admits that Plaintiff requested expedited processing of the December FOIA request, the January FOIA request, February FOIA request, March FOIA request, and his renewed request. Defendant admits that it has not

released records to Plaintiff in response to his FOIA requests or his renewed request. Defendant denies all other allegations in this paragraph.

94. Paragraph 94 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies.

### THIRD CLAIM FOR RELIEF

95. Paragraph 95 consists of statements of the law to which no response is required. To the extent response is required, Defendant respectfully refers the Court to the authority cited as best evidence of its contents and denies any allegations inconsistent therewith.

96. Defendant denies.

97. Defendant denies the allegations in this paragraph and aver that exceptional circumstances existed for Defendant related to two separate periods of lapse in appropriations from Congress between September 2025 and March 2026 which had affected ICE's FOIA operations.

98. Defendant admits only that it has not released any records to Plaintiff in response to his FOIA requests at the time of the filing of the Complaint. Defendant denies all other allegations in this paragraph.

99. Paragraph 99 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

### FOURTH CLAIM FOR RELIEF

100. Paragraph 100 consists of statements of the law to which no response is required, to the extent response is required. To the extent a response is required, Defendant respectfully refers the Court to the statute cited as best evidence of its contents and denies all allegations inconsistent therewith.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in this paragraph, and on that basis denies.

102. Paragraph 102 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## **PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent these paragraphs are deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to relief.

Defendant denies allegations contained in the Complaint that are not specifically admitted herein.

### **AFFIRMATIVE OR OTHER DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Defendant is entitled to invoke all exemptions and other defenses available under the FOIA and the Privacy Act.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to compel production of responsive records protected from disclosure by any applicable FOIA exemptions or exclusions 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### **THIRD AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA.

### **FOURTH AFFIRMATIVE DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority, and exceptional circumstances necessitate additional time for Defendant to process Plaintiff's FOIA requests.

### **FIFTH AFFIRMATIVE DEFENSE**

Defendant may have additional defenses which are not known at this time, but which become known. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defense available under Rules 8 and 12 of the Federal Rules of Civil Procedure.

### **SIXTH AFFIRMATIVE DEFENSE**

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

## EIGTH AFFIRMATIVE DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's FOIA requests do not reasonably describe the records sought and therefore do not comply with the FOIA and/or do not impose a search or production obligation on Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's FOIA requests are not enforceable under the FOIA to the extent a reasonable search cannot be undertake to identify and locate all responsive records.

## ELEVENTH AFFIRMATIVE DEFENSE

The FOIA does not authorize the injunctive relief requested.

## TWELFTH DEFENSE

There is no provision in the FOIA for obtaining declaratory relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiff has failed to satisfy prerequisites to bring this action, as well as over any allegations that are not related to a FOIA request at issue in this action.

## <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by its Complaint;

2. The Complaint be dismissed with prejudice;

3. Judgment be entered in favor of Defendant;

4. Defendant be awarded its costs of suit;

5. The Court award such other and further relief as it may deem proper.

Date: May 29, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By:     _/s/ Nag Young Chu_
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for Defendant