Khaled Alrabe (CA SBN 349899)
Email: khaled@nipnlg.org
NATIONAL IMMIGRATION PROJECT
1400 Shattuck Ave, Suite 12 PMB #141
Berkeley, CA 94709
Telephone: (617) 227-9727

Amber Qureshi (DC 90001046)*
Email: amber@qureshilegal.com
LAW OFFICE OF AMBER QURESHI, LLC
6925 Oakland Mills Road PMB#207
Columbia, MD 21045
Telephone: (443) 583-4353

* Admitted *pro hac vice*

 Attorneys for Plaintiff David K. Hausman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID K. HAUSMAN, | Case No. 4:26-cv-03730-AMO |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | CMC Date:  July 30, 2026<br>Time:   10:00 a.m.<br>Location:  Videoconference |
| Defendant. | Hon. Araceli Martínez-Olguín |

Pursuant to Fed. R. Civ. P. 16 and 26, the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 11), and the Standing Order for All Judges of the Northern District of California, the parties submit this Joint Case Management Statement. Counsel have met and conferred regarding the topics enumerated in Fed. R. Civ. P. 26(f).

**1.      Jurisdiction and Service**

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201–2202. All parties have been served. There are no issues regarding personal jurisdiction, venue, or service.

**2.      Facts**

Plaintiff David K. Hausman brings this action under FOIA against Defendant United States Immigration and Customs Enforcement ("ICE") to obtain timely responses to his requests for anonymized, individual-level data on ICE enforcement actions ("the Spreadsheets"). As of the filing of his Complaint on April 29, 2026, ICE had not produced any records in response to his seven pending requests for the Spreadsheets. In his Complaint, Plaintiff alleges two sets of claims.

First, Plaintiff alleges that Defendant has failed to comply with FOIA obligations in connection with seven requests made by Plaintiff to Defendant, a component agency of the Department of Homeland Security, and seeks to compel compliance with those requests. These "Pending FOIA Requests Claims" allege that Defendant has unlawfully withheld agency records (Count I), Defendant has unlawfully failed to grant Plaintiff's request for expedited processing (Count II), and Defendant has unlawfully failed to grant Plaintiff's request for a fee waiver (Count IV). Second, under Plaintiff's "Pattern-or-Practice Claim" (Count III), Plaintiff alleges that Defendant has engaged in an unlawful pattern or practice of violating FOIA when responding to Hausman's requests for the Spreadsheets.

**3.      Legal Issues**

The legal issues in this matter include the following: (1) whether Defendant has fulfilled its obligations to Plaintiff under the FOIA, (2) whether Defendant has engaged in an unlawful

pattern or practice regarding its responses to Plaintiff's FOIA requests, and (3) whether Plaintiff is entitled to an award of attorneys' fees and litigation costs.

**4.    Motions**

On July 13, 2026, the Court denied Plaintiff's motion for a preliminary injunction. There are no currently pending motions. ECF No. 44. The parties anticipate filing cross-motions for summary judgment if the parties are unable to resolve the entire matter informally or through mediation. If the parties must file cross-motions for summary judgment, they will meet and confer regarding a proposed briefing schedule for such motions.

**5.    Amendment of Pleadings**

The parties may stipulate to dismiss certain claims if they are resolved through the parties' negotiations. Although Plaintiff does not anticipate seeking to amend the pleadings at this time, Plaintiff may seek leave to amend his Complaint to add additional parties and/or claims. The parties propose that any proposed amendment of pleadings be filed on or before November 30, 2026.

**6.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The parties agree and stipulate pursuant to Fed. R. Civ. P. 26(a)(1)(A) that initial disclosures are not necessary at this time, as this is a FOIA action for which no such exchange of information is typically needed.

**8.    Discovery**

The parties have not taken discovery to date.

Plaintiff's Position: Plaintiff does not intend to serve discovery at this time but reserves the right to seek discovery as necessary and appropriate as the case proceeds. Although district courts usually resolve actions to enforce FOIA on summary judgment prior to any discovery, *see*

*Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008), discovery can be appropriate in FOIA pattern-or-practice cases. *See Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998). If Plaintiff anticipates a need for discovery in the future, he intends to seek appropriate relief from the Court.

<u>Defendant's Position</u>: Defendant does not anticipate conducting discovery at this time.

**9.      Class Actions**

This case is not a class action.

**10.      Related Cases**

The parties are unaware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11.      Relief**

Plaintiff seeks only injunctive and declaratory relief and attorneys' fees, and other relief as appropriate. Plaintiff does not seek damages. Defendant seeks a complete defense judgment and dismissal.

**12.      Settlement and ADR**

The parties have engaged in constructive discussions on resolution of the Pending FOIA Requests Claims. On July 21, 2026, the parties reached agreement to resolve Plaintiff's Pending FOIA Requests Claims. Pursuant to that agreement, Defendant will produce to Plaintiff the Spreadsheets from FY2023 to through July 20, 2026, by August 21, 2026. The parties have also been in discussion about possible resolution of the Pattern-or-Practice Claim, but have been unable to reach agreement.

<u>Plaintiff's Position</u>: Plaintiff believes that settlement of the Pattern-or-Practice Claim is possible and referral to a magistrate judge for a settlement conference will be the best approach for ADR. Therefore, Plaintiff respectfully requests that the Court enter an order referring the matter to a magistrate judge for settlement purposes. Because of the time-sensitive nature of the claims and to expedite their consideration and resolution, Plaintiff respectfully requests an order that such a settlement conference be scheduled on an expedited basis.

Defendant's Position: In advance of the initial case management conference, Defendant will continue to discuss its options under the ADR Process. Defendant understands that there is a presumption to participate in an ADR process in this action; however, based on the specific facts of this case, Defendant believes that the ADR process is not likely to deliver sufficient benefits to the parties and the Court.

**13.     Other References**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.     Narrowing of Issues**

As noted above, the parties are likely to resolve the Pending FOIA Requests Claims in short order.

**15.     Scheduling**

The parties have been working in good faith to resolve at least some of the claims and issues in this action. The parties respectfully submit that full scheduling of this case, including discovery, motion practice, and trial, is premature at this time.

Plaintiff's Position: As mentioned above, Plaintiff respectfully requests that the Court enter an order referring the matter to a magistrate judge for settlement purposes. To the extent any issues remain after the ADR process is exhausted, Plaintiff anticipates that this matter may be ultimately resolved on summary judgment.

Defendant's Position: In advance of the initial case management conference, Defendant will continue to discuss internally to consider its options under the ADR process. Defendant anticipates that, if the parties enter settlement discussions or mediation and fail to resolve all disputed issues, the matter can be ultimately resolved by cross-motions for summary judgment.

**16.     Trial**

The parties do not anticipate a need for trial, either by judge or jury, in this matter at this time. As set forth above, the parties submit that all of the claims in this case may be resolved on summary judgment.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. ECF No. 6. Plaintiff does not have any non-party interested entities or persons to disclose. Defendant is a governmental entity not required to file such certification.

**18.    Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other Matters**

The parties are not aware at present of other matters that could facilitate the just, speedy, and inexpensive disposition of this matter.


Dated:  July 23, 2026                    Respectfully submitted,[1]

                                         NATIONAL IMMIGRATION PROJECT
                                         LAW OFFICE OF AMBER QURESHI

                                         */s/ Amber Qureshi*
                                         AMBER QURESHI


                                         Attorneys for Plaintiff David K. Hausman


Dated:  July 23, 2026

                                         CRAIG MISSAKIAN
                                         United States Attorney

                                         By: */s/ Nag Young Chu*
                                         NAG YOUNG CHU
                                         Assistant United States Attorney


                                         Attorneys for Defendant

---

[1] In accordance with Civ. L.-R. 5-1(i)(3), the filer of this document attests that this signatory concurs in the filing of this document.