Khaled Alrabe (CA SBN 349899)
Email: khaled@nipnlg.org
NATIONAL IMMIGRATION PROJECT
1400 Shattuck Ave, Suite 12 PMB #141
Berkeley, CA 94709
Telephone: (617) 227-9727

Amber Qureshi (DC 90001046)*
Email: amber@qureshilegal.com
LAW OFFICE OF AMBER QURESHI, LLC
6925 Oakland Mills Road PMB#207
Columbia, MD 21045
Telephone: (443) 583-4353

* Admitted *pro hac vice*

*Attorneys for Plaintiff David K. Hausman*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID K. HAUSMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. 4:26-cv-03730-AMO<br><br>**JOINT STATUS REPORT**<br><br>Hon. Araceli Martínez-Olguín |

Pursuant to the Court's Case Management Order (ECF No. 46), the parties submit this Joint Status Report regarding the outcome of the settlement conference and their respective proposals on next steps in this litigation.

This case concerns requests for records submitted pursuant to the Freedom of Information Act ("FOIA") by Plaintiff David K. Hausman to Defendant U.S. Immigration and Customs Enforcement ("ICE") seeking a set of Excel spreadsheets ("the Spreadsheets") that shed light on ICE's immigration enforcement practices. The Complaint alleges that Defendant has violated the FOIA by wrongfully withholding agency records (Claim I), failing to grant expedited processing (Claim II), engaging in an unlawful pattern or practice of violating the FOIA (Claim III), and failing to grant requests for fee waivers (Claim IV). *See generally* Compl., ECF No. 1.

A. <u>Outcome of Settlement</u>

*1. Specific-Request Claims (Claims I, II, and IV)*

In their Joint Case Management Statement, the parties noted that on July 21, 2026, the parties reached an agreement to resolve Claims I, II, and IV related to Plaintiff's pending Freedom of Information Act ("FOIA") requests at issue in this action—specifically, the FOIA requests Plaintiff had submitted between September 2025 and March 2026. *See* Joint Case Management Statement, ECF No. 45 at 4; Compl., ECF No. 1 ¶¶ 39–47. Pursuant to that agreement, ICE produced the Spreadsheets to Plaintiff on August 21, 2026. The Spreadsheets produced in August covered the time period between October 1, 2022, and August 6, 2026.[1] Although Plaintiff believes that ICE's August production is incomplete and that the agency withheld certain information without adequate explanation, Plaintiff informed Defendant on October 6, 2026, that he agrees to resolve Claims I, II, and IV with respect to his specific requests submitted between September 2025 and March 2026.

*2. Pattern-or-Practice Claim (Claim III)*

In the parties' joint case management statement, Plaintiff expressed a desire to attempt to settle the third claim (unlawful pattern or practice) of his Complaint and requested an order

[1] *See* Deportation Data Project, ICE data release: Oct. 2022 - Early Aug. 2026 (Aug. 24, 2026), https://deportationdata.org/news/2026-08-24-ICE-release.html.

referring the matter to a magistrate judge for settlement purposes. *See* Joint Case Management Statement, ECF No. 45 at 4. Although Defendant did not object to participation in the ADR process, Defendant noted its belief that "the ADR process is not likely to deliver sufficient benefits to the parties and the Court." *Id*. at 5. On July 24, 2026, the Court referred this matter to a magistrate judge for a settlement conference. *See* Case Management Order, ECF No. 46.

On August 11, 2026, Plaintiff sent Defendant a formal settlement demand to resolve the pattern-or-practice claim. Judge Cisneros, the assigned magistrate judge, held a pre-settlement conference with the parties on October 1, 2026, and scheduled an in-person settlement conference on October 21, 2026. *See* Minute Entry, ECF No. 53. Judge Cisneros held a telephonic settlement status conference with Defendant on October 7, 2026. *See* Minute Entry, ECF No. 56. On October 13, 2026, Judge Cisneros vacated the October 21 settlement conference after conferral with the parties on their settlement positions. *See* Order, ECF No. 58.

B. <u>Proposal on Next Steps</u>

*1. Plaintiff's FOIA Requests Submitted Since March 2026*

The specific FOIA requests at issue in Claims I, II, and IV were submitted by Plaintiff between September 2025 and March 2026 and each sought the Spreadsheets. *See* Compl., ECF No. 1 ¶¶ 39–47. As Plaintiff explained in his Complaint, he "intends to submit additional requests for the Spreadsheets under FOIA to ICE on a monthly basis" in order to receive regular updates to the Spreadsheets. *Id*. ¶ 64; *see also* Decl. of David K. Hausman, ECF No. 13 ¶ 25. Since the filing of Plaintiff's Complaint, he has exhausted administrative remedies with respect to several FOIA requests for the Spreadsheets, and those are now ripe for litigation.

On October 6, 2026, Plaintiff requested Defendant's position on whether it would consent to Plaintiff amending his Complaint to: (1) remove the requests submitted between September 2025 through March 2026, explain that ICE provided a release of the Spreadsheets pursuant to the parties' agreement in this litigation, and note that those requests have been resolved; (2) add Plaintiff's requests for the Spreadsheets submitted between April 2026 and August 2026; and (3) add facts on how the Spreadsheets have been used recently, particularly since the last update produced by ICE in August 2026. On October 9, 2026, Defendant informed Plaintiff that it

objects to the proposed amendments to the extent Plaintiff is seeking to add additional FOIA requests to the Complaint, thereby litigate claims that have in substance been resolved in this lawsuit.

Plaintiff believes that judicial economy would be served by filing an amended/supplemental complaint pursuant to Fed. R. Civ. P. 15(a)(2) and (d) because the additional FOIA requests simply seek an update of the records sought in this action, the parties have already settled the specific-request claims once in this action, counsel and this Court are familiar with the issues, and the parties have yet to file dispositive motions in this case. However, to spare the Court's and the parties' resources in litigation of a contested motion for leave to file a supplemental/amended complaint, Plaintiff intends to file a separate, related action to compel the release of records responsive to his recent FOIA requests for the Spreadsheets.[2]

*2. Summary Judgment Briefing*

Because the parties were unable to resolve Plaintiff's pattern-or-practice claim, the parties propose the following schedule for the parties' cross motions for summary judgment:[3]

- Plaintiff files his motion for summary judgment on or before December 1, 2026;
- Defendant files its consolidated cross motion for summary judgment and opposition to Plaintiff's motion on or before January 4, 2027;
- Plaintiff files its consolidated opposition to Defendant's cross motion and reply in support of his motion on or before February 1, 2027; and
- Defendant files its reply in support of its cross motion on or before February 16, 2027.

---

[2] To be clear, Plaintiff does not intend to raise a separate pattern-or-practice claim in that action. However, if it wishes to do so, the Court may *sua sponte* consolidate the two cases under Federal Rule of Civil Procedure 42.

[3] In its Case Management Order, the Court ordered the parties to propose a briefing schedule regarding cross motions for summary judgment on or before November 30, 2026. *See* Case Management Order, ECF No. 45.

Dated: October 15, 2026

Respectfully submitted,[4]

*/s/ Amber Qureshi*
AMBER QURESHI
Law Office of Amber Qureshi

KHALED ALRABE
National Immigration Project

Attorneys for Plaintiff David K. Hausman

Dated: October 15, 2026

CRAIG MISSAKIAN
United States Attorney

By: */s/ Nag Young Chu*
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for Defendant

[4] In accordance with Civ. L.-R. 5-1(i)(3), the filer of this document attests that this signatory concurs in the filing of this document.