CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID K. HAUSMAN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | CASE NO. 4:26-cv-03730-AMO<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO RELATING CASES**<br><br>Hon. Araceli Martínez-Olguín |

Defendant respectfully opposes the relation of this matter ("*Hausman I*") with *Hausman v. U.S. Immigration and Customs Enforcement*, Case No. 3:26-cv-12819 (N.D. Cal.) ("*Hausman II*"), which was filed by Plaintiff on October 30, 2026.

**I. LEGAL STANDARD**

Under Local Rule 3-12(a), cases may be related where "(1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Civ. L.R. 3-12(a).

**II. ARGUMENT**

**A. The Two Actions Involve Different Legal Issues**

Relation of the two lawsuits is improper because they concern different legal issues. As Plaintiff concedes, Defendant sufficiently responded to Plaintiff's requests under the Freedom of Information Act ("FOIA") from September 2025 through March 2026, and the parties have agreed to resolve all claims in *Hausman I* except Plaintiff's pattern-and-practice claim under FOIA. *See* ECF No. 1 ¶¶ 95-99; *see also* ECF No. 61 (the "Motion") at 2.

*Hausman II*, meanwhile, alleges violations of FOIA and seeks to compel a response to the FOIA requests that Plaintiff had submitted after the initiation of *Hausman I*. *See* Motion at 2. Hence *Hausman I* and *Hausman II* focus on separate legal issues. Indeed, the claims in *Hausman I* are not considered moot despite Defendant's response to the relevant FOIA requests because of the "*unique* feature of a pattern or practice claim," which "stem from an agency's policy of violating FOIA rather than from the results of a particular request." *See Buckovetz v. United States Dep't of the Navy*, No. 18-CV-2736-MDD-KSC, 2020 WL 2306443, at *4 (S.D. Cal. May 7, 2020) (emphasis added) (citing *Payne Enters., Inc. v. United States*, 837 F.3d at 491 (D.C. Cir. 1988)). By contrast, *Hausman II* involves only claims related to pending FOIA requests submitted by Plaintiff—which could be rendered moot before a court considers the merits of the claims, if Defendant fully responds to those requests. These two actions are therefore not "substantially the same," and the cases are not related under Local Rule 3-12(a)(1).

**B. Separate Adjudication of These Lawsuits Will Not Cause an Unduly Burdensome Duplication of Labor or Expense or Risk of Conflicting Results**

Nor does Local Rule 3-12(a)(2) justify relation of the two cases. Because the two actions are at different procedural postures and involve different legal issues, relating the cases will not avoid any unnecessary duplication of labor or expense or risk of conflicting results. As mentioned above, the Court need only determine Plaintiff's pattern-and-practice claim in *Hausman I*, whereas the claims in *Hausman II* are limited to claims regarding Plaintiff's pending FOIA requests. The resolution of the two disputes is also likely to depend on different legal issues specific to each case, and is unlikely to require duplication of efforts or conflicting rulings. Given these different postures and issues, relating the two cases will not provide meaningful efficiencies. Accordingly, the definition of related cases has not been met, and *Hausman II* is not related to the instant case.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully submits that this action and *Hausman II* should not be deemed related.

Date: November 4, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendant