CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID K. HAUSMAN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | CASE NO. 4:26-CV-03730-AMO<br><br>**JOINT STATUS REPORT REGARDING PROPOSED BRIEFING SCHEDULE FOR SUMMARY JUDGMENT**<br><br>Hon. Araceli Martínez-Olguín |

Pursuant to the Court's order on November 5, 2026 (ECF No. 64), Plaintiff David K. Hausman and Defendant U.S. Immigration and Customs Enforcement ("Defendant" or "ICE") (collectively, the "Parties") respectfully submit this status report regarding their proposed briefing schedules for motions for summary judgment. On November 5, 2026, Plaintiff informed Defendant that he would agree to Defendant's proposed schedule if the agency produced an update of the Spreadsheets by November 30, 2026, in response to Plaintiff's FOIA requests at issue in *Hausman v. U.S. Immigration and Customs Enforcement*, No. 3:26-cv-12819 (N.D. Cal.) ("Hausman II"). Plaintiff additionally agreed to limit the time period of the requests to FY2022 to the date of extraction as long as no more than 14 calendar days pass between the date of extraction and the date of production. While the Parties have conferred on whether they can jointly submit a proposed briefing schedule and agree to the scope and timing of any response to the pending FOIA requests that Plaintiff had submitted, the Parties were unable to reach an agreement on those issues at this time.

<u>Defendant's Statement</u>: As Defendant explained during the initial case management conference on November 5, 2026, agency personnel at ICE that are responsible for processing FOIA requests like the ones that Plaintiff has submitted and that are needed to adequately prepare for Defendant's motion for summary judgment are expected to be unavailable for much of December 2026 and early January 2027. As a result, Defendant respectfully requests for the following modest extension of the previously proposed schedule, which does not pose a significant risk of harm or prejudice to Plaintiff.

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment | December 30, 2026 |
| Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Motion | January 28, 2027 |
| Plaintiff's Opposition to Defendant's Motion and Reply in Support of His Motion | February 26, 2027 |
| Defendant's Reply in Support of Its Motion | March 19, 2027 |

Defendant respectfully submits that the Court denied Plaintiff's previous motion for preliminary injunction because Plaintiff failed to sufficiently allege "an imminent event that would vitiate the value of the data" that he seeks from the FOIA requests. *See* ECF No. 44 at 7-9. Defendant further submits that, on September 30, 2026, it issued a response to the FOIA request that Plaintiff submitted on June 28, 2026,

and is open to further discussions with Plaintiff regarding the agency's response to the pending FOIA requests.

Plaintiff's Statement: Because of ICE's failure to produce records responsive to Plaintiff's monthly requests absent litigation, there is no publicly available data detailing ICE's enforcement practices since August, when Plaintiff received updated data through this case. Since that time, the agency has experienced "record-breaking months" of arrests.[1] Even though the agency is clearly obligated to produce responsive records and has raised no objections to releasing this information on the merits, it is not only refusing to do so within the statutory timeframe, but is also refusing to do so on an eminently reasonable schedule proposed by Plaintiff after further delay in litigation. Regardless of the briefing schedule, the agency should have independently offered to produce responsive records "promptly," as it is required to do under FOIA. 5 U.S.C. § 552(a)(3)(A).

Defendant's refusal to do this, as well as its refusal to consent to amendment of Plaintiff's complaint and its refusal to consent to relating this case to *Hausman II*, illustrate the precise problem that the remaining claim in this case is intended to address: a pattern or practice of violating the FOIA. If ICE provided another update in *Hausman II*, there would be less urgency in resolving Plaintiff's pattern-or-practice claim, and Hausman would gladly agree to additional time. Unfortunately, ICE has flatly refused Plaintiff's reasonable request. Plaintiff therefore respectfully requests that the Court enter the following briefing schedule the parties agreed to in their joint status report of October 15, 2026 (ECF No. 59):

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment | December 1, 2026 |
| Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Motion | January 4, 2027 |
| Plaintiff's Opposition to Defendant's Motion and Reply in Support of His Motion | February 1, 2027 |
| Defendant's Reply in Support of Its Motion | February 16, 2027 |

[1] U.S. Department of Homeland Security, *ICE Breaks Records in Fiscal Year 2026, With Most Arrests and Deportations in Agency's History* (Nov. 12, 2026), https://www.dhs.gov/news/2026/11/12/ice-breaks-records-fiscal-year-2026-most-arrests-and-deportations-agencys-history.

Date: November 12, 2026

Respectfully submitted,[2]

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_
NAG YOUNG CHU
Assistant United States Attorney

*Attorneys for Defendant*

Date: November 12, 2026

*/s/ Amber Qureshi*
Amber Qureshi
Law Office of Amber Qureshi, LLC

Date: November 12, 2026

*/s/ Khaled Alrabe*
Khaled Alrabe
National Immigration Project

*Attorneys for Plaintiff*

[2] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.